UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM CHARLES MURPHY ) | |
| ) | Bk. No. 05-223363 |
| Debtor. ) | Chapter 7 |
| WILLIAM CHARLES MURPHY ) | |
| ) | |
| Plaintiff, ) | |
| v.         ) | Adversary No. 11-2020 |
| ) | |
| INTERNAL REVENUE SERVICE ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON RENEWED MOTION OF U.S. TO RECONSIDER**

Owing a substantial amount of money to the Internal Revenue Service for unpaid income taxes, the debtor, William C. Murphy, filed a chapter 7 bankruptcy petition in 2005. In due course he received a discharge and his case was closed. Unimpressed by the discharge, the IRS continued its collection actions against the debtor. This prompted the debtor to reopen his bankruptcy case and on August 14, 2009 he commenced an adversary proceeding against the IRS (AP # 09-2042) (the "first AP") seeking, among other things, a declaratory judgment that his debt to the IRS had been discharged in his bankruptcy. The IRS asserted in response that the debt was excepted from discharge by Bankruptcy Code §523(a)(1)(C) (11 U.S.C. §523(a)(1)(C)) because the debtor filed fraudulent returns or attempted to evade taxes.

The matter came before Judge Haines of this Court on a motion of the debtor for summary judgment. The IRS failed to present evidentiary quality material in support of its opposition to the motion, which opposition Judge Haines would later describe as falling "far short of applicable substantive and procedural standards"[1], and on June 22, 2010 he granted summary judgment in favor of the debtor declaring that the tax debt owed by the debtor to the IRS had been discharged.

---

[1] See Written Opinion of Judge Haines, dated December 20, 2013, DE 94 in this adversary proceeding.

1

Having obtained a determination that the tax debt had been discharged, on February 29, 2011 the debtor commenced this adversary proceeding against the IRS (the "second AP"), seeking damages for the IRS's violation of the injunction against attempting to collect discharged debts imposed by Bankruptcy Code §524(a)(2). On cross motions for summary judgment Judge Haines on December 20, 2013 granted partial summary judgment to the debtor, determining that by virtue of his ruling in the first AP that the tax debt had been discharged and the fact that the IRS did not deny that it had intentionally attempted to collect that debt, the IRS had willfully violated the discharge injunction. The remaining issue of damages he reserved for trial.

A few months later the government learned that the Assistant U. S. Attorney (AUSA) representing the IRS in both adversary proceedings had, during his representation, been suffering from serious dementia, and on April 11, 2014 and May 1, 2014 sought relief from the two summary judgment orders entered by Judge Haines. As to the summary judgment in the first AP, the IRS sought relief under F.R. Bankr. P. 9024 (incorporating FRCP 60) primarily on the basis that the failure of the IRS to properly defend against the debtor's motion for summary judgment was due to the AUSA's impairment. On June 26, 2014 Judge Kornreich of this Court denied the IRS's motion. The IRS appealed that ruling to the U. S. District Court which on February 24, 2015 affirmed Judge Kornreich's ruling.[2]

As indicated, the IRS also moved for relief from the partial summary judgment order entered in this second AP. Its motion was brought under F. R. Bankr. P. 7054 (incorporating FRCP 54). On May 13, 2014, Judge Kornreich denied the motion in this AP as well.

Because the partial summary judgment order in this second AP did not dispose of the litigation (the matter of damages remained to be tried) the parties sought and received permission to engage in mediation in an effort to settle. A settlement after a fashion was reached. The parties

---

[2] See Decision and Order on Defendant's Appeal from Bankruptcy Court's Denial of 60(b) Motion, DE 89 in the first AP.

resolved the issue of damages by stipulating that the debtor's damages totaled $225,000 but agreed that the IRS would have one final opportunity to seek reconsideration of Judge Haines' partial summary judgment order on liability. If the IRS could convince the Court to vacate the partial summary judgment order and ultimately prevailed in its argument that its collection actions were not a willful violation of the discharge injunction, the debtor would receive no damage award. If, on the other hand, the IRS was unsuccessful, final judgment would enter in the debtor's favor in the amount of $225,000 and the IRS would appeal. It is the IRS's renewed motion for reconsideration which is presently before me[3].

Essentially, the IRS takes issue with Judge Haines' conclusion that because of his final judgment in the first AP that the debtor's tax liability was discharged, any action taken by the IRS to collect the tax with knowledge of the discharge was a willful violation of the discharge injunction. The IRS maintains that applying this reasoning to reach the conclusion that a willful violation occurred, which it characterizes as the application of offensive collateral estoppel, is inequitable as the judgment in the first AP was entered only because the AUSA's mental impairment prevented him from effectively opposing the summary judgment motion in that AP. The IRS argues that it should be entitled in this second AP to prove that the §523(a)(1)(C) discharge exception applies to the debtor's tax liability, not to establish that the taxes were non-dischargeable (it's too late for that), but at least to establish that its violation of the discharge injunction could not have been willful. The IRS insists that Judge Kornreich failed to consider its equitable argument for the non-application of offensive collateral estoppel when he denied the IRS's previous motion for reconsideration.

It is settled law in the First Circuit that damages are available for violation of the discharge injunction if a creditor had knowledge of the discharge and intended the actions which constituted

---

[3] The Unites States is acting on behalf of the IRS.

the violation. Pratt v. GMAC, 462 F.3d 14, 21 (1st Cir. 2006); Fleet Mortg. Group, Inc. v. Kaneb, 196 F.3d 265, 268 (1st Cir. 1999). "[In Kaneb] [w]e rejected the proposition that a stay violation could not be actionable (*viz.*, "willful") if the creditor had made a good faith mistake, and we held that "the standard for a willful violation of the automatic stay under § 362(h) is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." Pratt, 462 F.3d at 21.[4] The same result obtains if the United States is the defendant, except that neither punitive nor emotional distress damages would be available. U. S. v. Rivera-Torres (In re Rivera-Torres), 432 F.3d 20 (1st Cir. 2005). The IRS contends that it had a good faith belief that the taxes were not discharged. But the term "willful" in connection with a willful violation of the discharge injunction has nothing to do with how strongly a creditor feels that its actions were warranted; a finding of willful violation is justified merely upon knowledge of the discharge and an intention to act. Judge Haines ruled on all fours with binding First Circuit precedent in finding that the IRS was liable when it had knowledge of the debtor's discharge and intended its collection actions.

This isn't fair, the IRS asserts, because it could have proven that the taxes were not dischargeable in the first AP but for the fact, unknown to them at the time, that the AUSA handling the matter was seriously ill and could not competently defend the litigation. The IRS decries Judge Kornreich's denial of its initial motion for reconsideration because he failed to take this circumstance into account and use it to overturn Judge Haines' invocation of offensive collateral estoppel. Whether Judge Kornreich specifically addressed the doctrine of offensive collateral estoppel in his order denying the IRS's motion for reconsideration is irrelevant because he most

---

[4] The court in Pratt assumed that the standard was the same for stay violations and violations of the discharge injunction. Id.

4

assuredly considered the equitable argument put forth by the IRS that underpins the estoppel issue. Judge Kornreich denied the previous motion for reconsideration on the basis that the United States Attorney should have supervised his AUSA. The government admitted at oral argument before Judge Kornreich that if the AUSA had merely been negligent, sloppy or inattentive, it would not be seeking relief[5]. Judge Kornreich soundly reasoned that the late-discovered mental disability of the AUSA did not justify reconsideration any more than the AUSA's negligence or professional incompetence would have. Applying the IRS's motion to the flexible standards of Fed. R. Bankr. P. 7054[6], I find no basis to reconsider Judge Haines' partial summary judgment ruling. The IRS's motion is **DENIED**.

Dated: December 14, 2015

Melvin S. Hoffman
U. S. Bankruptcy Judge

---

[5] Audio recording of hearing on April 7, 2014, available at DE 153 in this AP.
[6] Rather than Fed. R. Bankr. P. 9024.